1  TINA WOLFSON, SBN 174806
2  twolfson@ahdootwolfson.com
   ROBERT AHDOOT, SBN 172098
3  rahdoot@ahdootwolfson.com
4  AHDOOT & WOLFSON, APC
   10850 Wilshire Boulevard, Suite 370
5  Los Angeles, California 90024
6  Tel: (310) 474-9111; Fax: (310) 474-8585

7  Attorneys for Plaintiff
8  CRISTINA WONG

**FILED**

JUN 22 2011

RICHARD W. WIENING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9
10        UNITED STATES DISTRICT COURT
11        NORTHERN DISTRICT OF CALIFORNIA

**LB**

**CV  11  3092**

12  CRISTINA WONG, an individual, on her
    own behalf and on behalf of all others
13  similarly situated,

14              Plaintiffs,

15  vs.

16  DROPBOX, INC., a Delaware
    Corporation; and DOES 1-10,
17
18              Defendants.

CASE NO.

CLASS ACTION COMPLAINT FOR:

1.  Violation of the California Unfair
    Competition Law, Business &
    Professions Code §17200, *et seq.*
2.  Invasion of Privacy - Intrusion,
    Public Disclosure of Private Facts,
    Misappropriation of Likeness and
    Identity, and California
    Constitutional Right to Privacy
3.  Negligence
4.  Breach of Express Warranty
5.  Breach of Implied Warranty

DEMAND FOR JURY TRIAL

19
20
21
22
23
24
25
26
27
28

FILED BY FAX

CLASS ACTION COMPLAINT

Plaintiff CRISTINA WONG ("Plaintiff") bring this action against Defendant DROPBOX, INC., a Delaware Corporation ("Defendant"), and DOES 1-10 on behalf of herself and all others similarly situated.  Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record:

## PARTIES

1.       Plaintiff is an individual who resides in Los Angeles County, California. Plaintiff is a subscriber to, and user of, Defendant's services.

2.       Defendant DROPBOX, INC., is a Delaware Corporation with its principal place of business and headquarters in San Francisco, California.

3.       The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants designated as a DOE are unknown to Plaintiff at this time and therefore Plaintiff sues these defendants by such fictitious names.  Plaintiff will ask leave of the Court to amend this Complaint to show the true names and capacities of the DOE defendants when that information has been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner and liable for the events and happenings herein alleged and, in such manner, proximately caused harm to Plaintiff as herein further alleged.

## JURISDICTION AND VENUE

4.       This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  In

2

**CLASS ACTION COMPLAINT**

the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Defendant's state of citizenship, which is California.

5.    This Court has personal jurisdiction over Defendant because Defendant has its headquarters and principal place of business, and is authorized to do business, in the State of California.

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant resides in this District, many of the acts and transactions giving rise to this action occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

7.    Defendant offers consumers internet-based "cloud"-type storage services, promising consumers easy, secure access to their electronic data from multiple computers, smartphones, and other devices capable of connecting to the Internet.

8.    Defendant creates software applications that, when downloaded, allow consumers to store data in a single folder that can be accessed by multiple devices capable of connecting to the internet.

9.    Defendant claims to have over 25 million subscribers.

10.    "Dropbox is used by millions of people every day, . . . and [Defendant] promise[s] them . . . that [Defendant] work[s] hard to keep your most important data

safe, secure, and private." (April 21, 2011, Dropbox blog post, available at

<http://blog.dropbox.com/> (last visited June 22, 2011).)

      11.    Defendant tells consumers: "We believe that storing data in Dropbox is

far more safe than the alternatives. We've designed Dropbox to protect user data

against threats of all kinds." (April 21, 2011, Dropbox blog post, available at

<http://blog.dropbox.com/> (last visited June 22, 2011).)

      12.    Defendant boasts: "We're dedicated to security" and "We're proud of our

excellent track record in security. Since the very beginning, we've devoted an

incredible amount of resources and attention to it." (April 21, 2011, Dropbox blog

post, available at <http://blog.dropbox.com/> (last visited June 22, 2011).)

      13.    Defendant promises customers that, "Your stuff is safe," and "Dropbox

protects your files without you needing to think about it." <https://www.dropbox.com/

features> (last visited June 22, 2011).

      14.    Defendant makes representations, such as those above, concerning its

purportedly reliable security measures, in order to reassure customers that data saved

on Defendant's system will be safe and secure from others. Defendant realizes that

customers need and desire security in any such system, and will not purchase or use

such a system if data stored on it is not secure.

      15.    Defendant encourages consumers to store sensitive personal and business-

related information on its system. For instance, Defendant advertises potential

business uses of its software on its website, and uses the purported real-life example of

4

a call center manager who saves recordings of phone calls to drop box that he or she

listens to "on my way home from my Cell Phone" and scores when he or she gets

home, using Defendant's system. (June 7, 2011, Dropbox blog post, available at

<http://blog.dropbox.com/> (last visited June 22, 2011).)

16.   Plaintiff, like other users of Defendant's system, downloaded and utilized

Defendant's Dropbox system in order to store personal, sensitive, and private data that

she wishes to keep secure.

17.   On June 20, 2011, Defendant announced, via a "blog" post on its website,

that it had "introduced a bug" on June 19, 2011, which allowed users logged in to its

system to log into other users' accounts and access those other users' data stored on

Dropbox. (June 20, 2011, Dropbox blog post, available at <http://blog.dropbox.com/>

(last visited June 22, 2011).)

18.   Defendant failed to notify the vast majority, if not all, of its 25 million-

plus users that their information had been compromised.

19.   Plaintiff only learned about the June 19, 2011, "bug" and security breach

only by reading a news story about it days later.

20.   This is a consumer class action lawsuit brought on behalf of Plaintiff,

individually, and on behalf of all other persons who subscribed to Defendant's

services, whose private data, stored on Defendant's system, was compromised on or

about June 19, 2011.

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated ("the Class").  The Class that Plaintiff seeks to represent is: All persons who are or who have ever subscribed to Defendant's Dropbox services and whose personal and/or financial information was breached on or about June 19, 2011. Excluded from the Class are Defendant; officers, directors, and employees of Defendant; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of Defendant.

22.     The members of the Class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, based on information and belief, it is in the millions.

23.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

24.     This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, but not limited to:

    a.     Whether Defendant unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

**CLASS ACTION COMPLAINT**

b. Whether Defendant's conduct violated the California Business & Professions Code §17200, *et seq.*

c. Whether Defendant's conduct was negligent in introducing a bug that compromised customer data;

d. Whether Defendant's conduct was negligent in failing to secure its customers' data;

e. Whether Defendant acted willfully and/or with oppression, fraud, or malice;

f. Whether Defendant's conduct constituted Public Disclosure of Private Facts;

g. Whether Defendant's conduct constituted Misappropriation of Likeness and Identity;

h. Whether Defendant's conduct violated Class members' California Constitutional Right to Privacy;

i. Whether Defendant's conduct constituted a breach of warranty;

j. Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

25. Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

26. Plaintiff's claims are typical of those of other Class members because

7

Plaintiff, like other class members, relied on Defendant's representations leading Plaintiff to believe her data would be private, safe, and secure on Dropbox.

27. Plaintiff will fairly and accurately represent the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the controversy. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

29. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

30. Defendant has acted or refused to act on grounds that apply generally to the Class, as alleged above, and certification is proper under Rule 23(b)(2).

## FIRST COUNT

### Violation of the California Unfair Competition Law, Business & Professions Code §17200, *et seq.*

31. Plaintiff incorporates the substantive allegations contained in all previous

**CLASS ACTION COMPLAINT**

paragraphs as if fully set forth herein.

32.     Defendant's conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the California Business & Professions Code § 17200 *et seq.*

33.     Defendant's conduct violated certain laws as alleged herein.  By engaging in the said conduct in the course of doing business, Defendant engaged in unlawful business practices in violation of the California Business & Professions Code § 17200 *et seq.*

34.     By engaging in the above-described conduct in the course of doing business, Defendant engaged in unfair business practices in violation of the California Business & Professions Code section 17200 *et seq.*  The harm to each Plaintiff outweighed any utility that Defendant's conduct may have produced.

35.     Defendant's failure to disclose to its customers for at least a week after the fact that their personal and financial information was breached, misused and/or disclosed, was likely to mislead the general public and constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq.*

36.     Plaintiff suffered injury in fact and lost property and money as a result of Defendant's conduct.

37.     Plaintiff seeks restitution and injunctive relief on behalf of the Class.

9

## SECOND COUNT

**Invasion of Privacy - Intrusion, Public Disclosure of Private Facts,**

**Misappropriation of Likeness and Identity, and California Constitutional Right**

**to Privacy**

38.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

39.     Plaintiff had a reasonable expectation of privacy in the private data she stored on Dropbox, which Defendant mishandled.

40.     By failing to keep Plaintiff's private data safe, and by misusing and/or disclosing that data to unauthorized parties for unauthorized use, Defendant invaded Plaintiff's privacy by:

a.     intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

b.     publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

c.     using and appropriating Plaintiff's identity without Plaintiffs' consent;

d.     violating Plaintiff's right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiff's Private Information  properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

**CLASS ACTION COMPLAINT**

41.    Defendant knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendant's actions highly offensive.

42.    Defendant invaded Plaintiff's right to privacy and intruded into Plaintiff's private affairs by misusing and/or disclosing Plaintiff's Private Information without his informed, voluntary, affirmative and clear consent.

43.    As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in her private data was unduly frustrated and thwarted. Defendant's conduct amounted to a serious invasion of Plaintiff's protected privacy interests.

44.    In failing to protect Plaintiff's private data, and in misusing and/or disclosing Plaintiff's private data, Defendant has acted with malice and oppression and in conscious disregard of Plaintiff's and the Class members' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

## THIRD COUNT

### Negligence

45.    Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

46.    Defendant came into possession of Plaintiff's private data and had a duty to exercise reasonable care in safeguarding and protecting such information from being

11

compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

47.     Defendant had a duty to timely disclose that Plaintiff's private data within its possession had been compromised.

48.     Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's private data.

49.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff' private data within Defendants' possession, and by introducing a bug that affirmatively compromised the security of Plaintiff's private data.

50.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's private data.

51.     Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to the Plaintiff and the Class members the fact that their private data within Defendant's possession had been compromised.

52.     Defendant's negligent and wrongful breach of its duties owed to Plaintiff and the Class proximately caused Plaintiff's and Class members' private data to be compromised.

53.     Plaintiff seeks the award of actual damages on behalf of the Class.

CLASS ACTION COMPLAINT

## FOURTH COUNT

### Breach of Express Warranty

54.    Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

55.    Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class subscribed to, downloaded, and utilized Defendant's Dropbox services.  The terms of that contract include the promises and affirmations of fact made by Defendant concerning security of its customers' data, as described above.  These representations and advertising constitute express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

56.    All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

57.    Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the promised security benefits described above, and by introducing a bug that affirmatively compromised the security of Plaintiff's and Class members' private data.

58.    As a result of Defendant's breach of its warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of Defendant's services they purchased.

13

# FIFTH COUNT

## Breach of Implied Warranty

59.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

60.     Plaintiff, like other Class members, downloaded and utilized Defendant's Dropbox system to store personal and private data.

61.     Defendant knew or had reason to know, when Plaintiff and other Class members downloaded its software, that they reasonably believed their private data would be secure on Defendant's system.

62.     Defendant knew or had reason to know, when Plaintiff and other Class members downloaded its software, that they were relying on Defendant's skill and judgment to utilize reasonable technology, policies, and procedures to safeguard the privacy of user data, and that Plaintiff and other Class members reasonably expected Defendant would not affirmatively take action to compromise the security of such data.

63.     Plaintiff and other Class members justifiably relied on Defendant's skill and judgment.

64.     Defendant's Dropbox system was not suitable for the purpose of keeping Plaintiff's and other Class members' data secure.

65.     Plaintiff and other Class members were harmed when Defendant introduced a bug compromising the security of data on its system on or about June 19, 2011.

66.     Defendant's failure to utilize reasonable technology, policies, and procedures to safeguard the privacy of user data was a substantial factor in causing Plaintiff's and other Class members' harm.

67.     As a result of Defendant's breach of its warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of Defendant's services they purchased.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A.      For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B.      For equitable relief requiring Defendant to institute reasonable security measures that will prevent anything like the June 19, 2011, breach from occurring in the future, and enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' private data, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C.      For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

D.      For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E.      For an award of punitive damages;

15

1    F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

2    G.    Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of her claims to the extent authorized by law.

Dated:    June 22, 2011        AHDOOT & WOLFSON, PC


By: _____
    Tina Wolfson

    Attorneys for Plaintiff
    CRISTINA WONG

**CLASS ACTION COMPLAINT**